From the record presented here I cannot agree that it is clearly apparent that the order of the Commerce Commission is arbitrary or unreasonable, as the opinion holds. The findings of the commission are entitled to great weight and can be set aside only when it is clearly apparent that *Page 315 
its orders are arbitrary, unreasonable or directly contrary to some established rule of law.
The record discloses checks of traffic on the bridge showed that on November 9 the total units, including pedestrians, crossing the bridge from 6 A.M. to 10 P.M. were 148, and on November 11 the total units crossing the bridge were 115. At the suggestion of the examiner of the commission a census was taken on June 1, 1945, between the hours of 7 A.M. and 7 P.M. On that date 102 units passed over the bridge. The road which necessitated the railroad company constructing a bridge when building through the territory had long been in existence and used by the public, which continued to use the bridge over the same route it had always traveled, and which, by its long use, certainly demonstrated its necessity.
The bridge was necessary to the use of the highway because the deep cut made by the railroad rendered the highway impassable at this point without a bridge. The subsequent construction of another bridge in another highway a quarter of a mile away does not warrant abandonment of a bridge essential to the use of an existing highway. Requiring the public which now uses and has used the highway to go approximately one half mile out of the way is not such a slight inconvenience as to warrant setting aside the order of the commission requiring the railroad to maintain its bridge, which was made necessary by its making a deep cut through a public highway already in existence. It is apparent the situation is such as to show that the commission was not unreasonable in its finding and that the circuit court did not err in confirming the order of the commission. *Page 316